**Peter GRAZIANO, Petitioner–Appellant,**

v.

**John P. KEANE, Superintendent, Woodbourne Correctional Facility, Respondent–Appellee.**

**No. 02–2072.**

United States Court of Appeals, Second Circuit.

Oct. 17, 2003.

Michael O'Brien, Syosset, NY, for Appellant.

Linda Breen, Assistant District Attorney (Charles J. Hynes, District Attorney, Leonard Joblove, Jane S. Meyers, Assistant District Attorneys), Brooklyn, NY, for Appellee, of counsel.

Present: LEVAL, SACK, Circuit Judges, and KORMAN,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The petitioner Peter Graziano appeals from a judgment of the district court denying his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 for relief from his conviction of murder in the second degree. *Graziano v. Keane*, 98–CV–2450 (E.D.N.Y. July 5, 2001).

In a judgment entered May 9, 1986, the Supreme Court, Kings County (Broomer, *Judge*), following a jury trial, convicted Graziano of murder in the second degree under N.Y. Penal Law § 125.25[1]. Graziano was sentenced to a prison term of fifteen years to life. On May 27, 1998, Graziano filed a *pro se* petition for a writ of *habeas corpus.* In his petition, Graziano raised a variety of claims, including two for ineffective assistance of counsel that are now before us: that defense counsel failed to give a meaningful opening statement and waived presentation of a justification defense.

According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, the district court must ask whether the state court's adjudication of the defendant's claim that he received ineffective assistance of counsel was contrary to or an unreasonable application of clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). In order to meet the requirements under AEDPA in this case, the defendant must prove both that his attorney's conduct was professionally unreasonable as that term has been articulated by the Supreme Court and that there is

---

* Chief Judge of the United States District Court for the Eastern District of New York, sitting     by designation.

**164**

a reasonable probability that, but for the counsel's performance, the defendant would have been acquitted. *See Strickland v. Washington,* 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The district court concluded that (1) Graziano's counsel was not ineffective for waiving a justification defense; (2) Graziano's counsel was ineffective in his opening statement; and (3) the opening statement notwithstanding, in the aggregate, the performance of Graziano's counsel was constitutionally competent.

We agree with the district court that Graziano's counsel was not ineffective for waiving a justification defense because Graziano himself had asserted that intoxication was his only defense, defense counsel had consulted with Graziano on this strategy and the strategy was reasonable. We need not and do not decide whether defense counsel's opening statement was ineffective. We instead agree with the district court that, based on the overwhelming evidence of guilt, the defendant failed to demonstrate that, but for counsel's performance, the result of the proceeding would have been different.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.